UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL H., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 1:23-cv-00207-LEW |
| ) | |
| MARTIN O'MALLEY, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant ) | |

### REPORT AND RECOMMENDED DECISION

The Plaintiff in this Social Security Disability appeal contends that the Administrative Law Judge (ALJ) erred by assessing an internally inconsistent mental limitation and failing to give appropriate weight to the opinions of two agency examining consultants. *See* Plaintiff's Brief (ECF No. 12) at 11-18.[1] I discern no reversible error and recommend that the Court affirm the Commissioner's decision.

### I. Background

The ALJ found, in relevant part, that the Plaintiff had the severe impairments of anxiety disorder, depressive disorder, asthma, and disorder of the skeletal spine, *see* Record at 17; retained the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) with certain exertional, postural, manipulative, and environmental limitations and could understand and remember

---

[1] At oral argument, the Plaintiff's counsel withdrew a third point: that the ALJ had erred in failing to consider a U.S. Department of Veterans Affairs disability rating. *See* Plaintiff's Brief at 18-20.

1

simple instructions, perform simple tasks, have no work with the public and have incidental contact only, such as issuing greetings or providing directions, and adapt to routine changes in a work environment, *see id.* at 20; was capable, given his age, education, work experience, and RFC, of performing jobs existing in significant numbers in the national economy, *see id.* at 24; and therefore had not been disabled from October 15, 2021, his alleged onset date of disability, through the date of the decision, November 29, 2022, *see id.* at 25. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-3, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 404.981.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

### III.  Discussion

### A.  Assessment of Internally Inconsistent Mental Limitation

The Plaintiff first contends that the ALJ assessed an internally inconsistent restriction in finding that the Plaintiff could have no work with the public *and* could have incidental contact only, such as issuing greetings or providing directions.  *See* Plaintiff's Brief at 11-14.  The Plaintiff asserts that this is reversible error because an inability to work with the public would have ruled out the three jobs on which the ALJ relied to find him not disabled, all of which have a "People" rating of 7, indicating that they are focused on serving—and therefore interacting with—others.  *See* Plaintiff's Brief at 13-14; Record at 24-25.

The Commissioner does not contest that the ALJ's restriction is inconsistent, but asserts that this error is harmless because the relevant jobs at Step 5 do not require public interaction or significant contact with people in general.  *See* Commissioner's Brief (ECF No. 16) at 2-3.

I agree with the Commissioner.  As the Commissioner notes, *see id.* at 3-4, the Plaintiff's argument is built on a faulty foundation.  The three jobs that the ALJ cited do not have a "People" rating of 7.  All three jobs have a "People" rating of 8, indicating that taking instructions or helping are not significant duties.  *See* Shipping and Receiving Weigher, U.S. Dep't of Lab., *Dictionary of Occupational Titles* (*DOT*) (4th ed., rev. 1991) § 222.387-074, 1991 WL 672108; Mail Clerk, *DOT* § 209.687-026, 1991

WL 671813; Folder, *DOT* § 369.687-018, 1991 WL 673072.² As the Commissioner observes, *see* Commissioner's Brief at 2-6, this Court has held similar errors in formulating claimants' limitations harmless when the jobs at issue have a "People" rating of 8 and the *DOT*'s description of their duties indicates that they entail no interaction with the public. *See, e.g., Reil v. Berryhill,* No. 2:17-cv-00033-NT, 2017 WL 4618158, at *3 (D. Me. Oct. 16, 2017) (rec. dec.) (holding that even if an ALJ "erred by failing to provide the [VE] with a hypothetical that precluded work with the public, the error was harmless" when the jobs on which the ALJ relied had "People" 8 ratings and did not "involve public interaction" per the job duties described in the *DOT*), *aff'd*, 2017 WL 4973194 (D. Me. Nov. 1, 2017); *Connor v. Colvin*, No. 1:13-cv-00219-JAW, 2014 WL 3533466, at *4 (D. Me. July 16, 2014) (deeming an ALJ's error in assessing a contradictory "restriction to 'only routine contact with the public'" harmless when the jobs on which the ALJ relied had "People" 8 ratings and duties as described in the *DOT* that did "not indicate that they require any work with the public").

Moreover, nothing in the detailed *DOT* descriptions of those jobs indicates that they involve contact with the public. *See DOT* §§ 222.387-074, 1991 WL 672108 (describing duties of Shipping and Receiving Weigher), 209.687-026, 1991 WL 671813

---

² The Plaintiff mistakenly asserted that the *DOT* code numbers for all three jobs "had a fifth digit of 7 that coincides with[] 'serving'" and, therefore, those jobs were focused on "interacting with others." Plaintiff's Brief at 13. While the sixth digit in each of those code numbers is 7, the fifth digit is 8.

(describing duties of Mail Clerk), 369.687-018, 1991 WL 673072 (describing duties of Folder).[3]

Because the jobs at issue entail no contact with the public, the ALJ's error in assessing the internally inconsistent restriction that the Plaintiff could not work with the public, yet could have incidental contact only, is harmless.

### B. Failure to Give Appropriate Weight to Certain Opinions

The Plaintiff next contends that the ALJ failed to "give appropriate weight" to the opinions of agency examining consultants Heather Sevigny, FNP-C, and Adrienne Butler, Ed.D.  Plaintiff's Brief at 15-18.  The ALJ deemed the Sevigny opinion unpersuasive because it used "vague language" in describing the assessed restrictions and was "inconsistent with [FNP Sevigny's] own physical examination" of the Plaintiff.  Record at 23.  He found the Butler assessment "not persuasive overall" because it "appear[ed] to be heavily based upon the [Plaintiff's] own reporting of needing reminders for basic tasks," was "not consistent with the record overall," and, as the agency nonexamining consultants reviewing it had noted, included "boilerplate language that this examiner consistently provides for all claimants, making any one of her assessments less persuasive overall." *Id.*

---

[3] The Plaintiff did not file a reply brief.  However, perhaps realizing his error with respect to the People rating, the Plaintiff's counsel took a different tack at oral argument, asserting that there is authority from the United States District Court for the District of Minnesota for the proposition that the Commissioner may not rely on a *DOT* job description to render an error in assessing a claimant's RFC harmless.  He did not cite a specific case.  In any event, because this point was raised for the first time at oral argument, it is waived.  *See, e.g.*, *Faye W. v. Berryhill*, No. 1:17-cv-00485-NT, 2019 WL 259435, at *5 (D. Me. Jan. 18, 2019) (rec. dec.) ("Issues or claims not raised in [a Social Security claimant's brief] will be considered waived and will not be addressed by this court." (cleaned up)), *aff'd*, 2019 WL 489084 (D. Me. Feb. 7, 2019).

5

The Plaintiff criticizes the ALJ's reliance on certain evidence in rejecting FNP Sevigny's and Dr. Butler's opinions and points to other record evidence that purportedly supports their opinions. *See* Plaintiff's Brief at 15-18. But he does not identify any clear error in the ALJ's recitation of the evidence, and his disagreement with the ALJ's weighing of the evidence is not cause for remand. As this Court has stated over and over again, "[t]he mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand." *Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *2 (D. Me. June 11, 2017), *aff'd*, 2017 WL 2963371 (D. Me. July 11, 2017), *aff'd*, No. 171889, 2019 WL 2222474 (1st Cir. May 15, 2019); *see also Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222 (1st Cir. 1981) ("The [Commissioner] may (and, under his regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors or for the courts.").

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

***Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.***

Dated: June 5, 2024

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge
